UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT BENNETT,

    Petitioner,

v.                                    Nos.:  3:07-cr-081
                                                        3:13-cv-233
                                                        *Judge Phillips*

UNITED STATES OF AMERICA,

    Respondent.

## **MEMORANDUM AND ORDER**

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Robert Bennett ("petitioner"). For the following reasons, the United States Attorney shall not be required to file a response to the § 2255 motion at this time and petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion should not be dismissed as untimely.

Petitioner was found guilty by a jury of various drug-trafficking crimes and was sentenced to a term of life imprisonment. His conviction was affirmed on direct appeal. *United States v. Bennett*, 439 F. App'x 501 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1602 (2012). Section 2255 provides for a one-year statute of limitation within which to file a motion to vacate sentence; the limitation period generally runs from the date on which the

judgment of conviction becomes final. 28 U.S.C. § 2255(f). The Supreme Court denied petitioner's petition for writ of certiorari on February 21, 2012, and his conviction became final on that date. Thus, petitioner had until February 21, 2013, within which to file his § 2255 motion. *See Merriweather v. City of Memphis*, 107 F.3d 396, 398 (6th Cir. 1997).

Petitioner filed his § 2255 motion on April 23, 2013.[1] He claims that his § 2255 motion is timely because it was filed within one year of the Supreme Court's denial of his motion for rehearing on May 14, 2012. Although the Sixth Circuit has not considered this issue, the seven circuit courts that have considered the issue have held that filing a petition for a rehearing in the Supreme Court does not delay commencement of the statute of limitation. *See Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007) (collecting cases).

Accordingly, petitioner is **ORDERED** to **SHOW CAUSE**, within fifteen (15) days of the date of this Memorandum and Order, why his § 2255 motion is not barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

---

[1] Although the court received the § 2255 motion on April 25, 2013, the envelope in which it was mailed indicates that it was mailed on April 23, 2013, and thus is considered filed on that date under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

**ENTER:**

               s/ Thomas W. Phillips
               United States District Judge