UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT BENNETT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos.: 3:07-cr-081<br>3:13-cv-233<br>*Judge Phillips* |

## MEMORANDUM

This is a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Robert Bennett ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner was found guilty by a jury of various drug-trafficking crimes and was sentenced to a term of life imprisonment. His conviction was affirmed on direct appeal. *United States v. Bennett*, 439 F. App'x 501 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1602 (2012). Section 2255 provides for a one-year statute of limitation within which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment of conviction becomes final. 28 U.S.C. § 2255(f).

Petitioner filed his § 2255 motion on April 23, 2013,[1] claiming that his § 2255 motion was timely because it was filed within one year of the Supreme Court's denial of his motion for rehearing on May 14, 2012. The court noted that the Supreme Court denied petitioner's petition for writ of certiorari on February 21, 2012; that his conviction became final on that date; and thus petitioner had until February 21, 2013, within which to file his § 2255 motion. The court further noted that, although the Sixth Circuit has not considered this issue, the seven circuit courts that have considered the issue have held that filing a petition for a rehearing in the Supreme Court does not delay commencement of the statute of limitation. *See Drury v. United States*, 507 F.3d 1295, 1296 (11th Cir. 2007) (collecting cases). For that reason, the court ordered petitioner to show cause why his § 2255 motion is not barred by the one-year statute of limitation. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court may *sua sponte* dismiss habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

In response to the show cause order, petitioner contends that his petition for rehearing after the denial of certiorari should count as the last resort for review of his case and thus the statute of limitation should commence on May 14, 2012, which was the date the petition for rehearing was denied. *Bennett v. United States*, 132 S. Ct. 2426 (2012) (petition for rehearing denied). He further points out that the Sixth Circuit has not held that filing a

---

[1]Although the court received the § 2255 motion on April 25, 2013, the envelope in which it was mailed indicates that it was mailed on April 23, 2013, and thus is considered filed on that date under the "prison mail room filing" rule of *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

petition for a rehearing in the Supreme Court does not delay commencement of the statute of limitation. Petitioner cites no cases to support his argument and, as the court noted, the Sixth Circuit has not considered the issue.

The court finds the reasoning of the circuits that have considered the issue persuasive. *See, e.g., In re Smith*, 436 F.3d 9, 10 (2006) (Based upon Supreme Court Rule 16.3, "a conviction becomes final for purposes of triggering the one-year limitations period of section 2255 when certiorari is denied, regardless of whether a petition for rehearing is filed or when such a petition is denied."); *Robinson v. United States*, 416 F.3d 645, 650 (7th Cir. 2005) ("Robinson's petition for rehearing the denial of his certiorari petition had no effect on the finality of his conviction."). Accordingly, the motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

      **AN APPROPRIATE ORDER WILL ENTER.**

      s/ Thomas W. Phillips
      United States District Judge